IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MACHELLE PARSONS,

    Plaintiff,

v.                                                                 Case No. 2:21-cv-00595

KANAWHA COUNTY DEPARTMENT
OF HEALTH AND HUMAN RESOURCES,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) Pending before the court is the *Request for Judicial Notice and Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Relief of Judgment* filed in this matter by Plaintiff Machelle Parsons ("Plaintiff"), who is proceeding *pro se*. (ECF No. 3.) Therein, Plaintiff seeks relief from a judgment entered by the Circuit Court of Kanawha County, West Virginia, on June 27, 2019 (the "Judgment"). *See id.* For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion (ECF No. 3) be **DENIED**, and this case be **DISMISSED** for lack of jurisdiction under the *Rooker-Feldman* doctrine.

    **I.**    **Background**

Plaintiff alleges that the removal of, and termination of parental rights over, her minor child by the West Virginia Department of Health and Human Resources, was

tainted by fraud and undue influence and unlawfully effected without providing Plaintiff due process. (ECF Nos. 3, 4); *see Parsons v. McDaniel*, 784 F. App'x 164 (4th Cir. 2019) [*Parsons I*]. In *Parsons I*, Plaintiff asserted claims under 42 U.S.C. § 1983 based upon alleged deprivations of her constitutional rights by state actors who were allegedly involved in the child-custody and neglect proceedings that give rise to the case at hand. Due to ongoing proceedings in the Kanawha County Circuit Court, *Parsons I* was dismissed based upon the *Younger* abstention doctrine. *See Parsons*, 784 F. App'x at 165.

Here, Plaintiff seeks an order from this Court setting aside "[t]he judgment entered" by the Circuit Court of Kanawha County, West Virginia, on June 27, 2019, "terminating [Plaintiff's] parental rights" and adding her name "to the abuse and neglect registry," on the grounds that the state-court judgment "was erroneously entered." (ECF No. 4 at 6.) Pointing to the merits of her objections to the state-court proceedings, Plaintiff asserts that she "has been pursuing her rights diligently, and . . . some extraordinary circumstances stood in the way and prevented her from filing a direct appeal." (ECF No. 3 at 1.) Plaintiff requests that the Court take judicial notice of the leniency afforded to *pro se* litigants, and grant her relief from the Kanawha County Circuit Court's judgment. (ECF Nos. 3, 4 at 16.)

II. <u>Analysis</u>

Because Plaintiff is proceeding *in forma pauperis*, the court is obliged to screen this matter pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Miller v. Stucky*, 2:17-CV-04398, 2018 WL 4560405, at *1 (S.D. W. Va. Aug. 27, 2018), *adopted*, 2018 WL 4558988 (S.D. W. Va. Sept. 20, 2018).

2

The Court agrees with Plaintiff that *pro se* pleadings must be held to less stringent standards than those drafted by attorneys, and the court is obliged to construe Plaintiff's pleadings liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a plaintiff may not proceed on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). Nor may the Court assume the role of advocate. *Westfall v. Trump*, 1:20-CV-207, 2020 WL 7865280, at *2 (N.D. W. Va. Dec. 31, 2020); *Gordon v. Leeke*, 576 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a *pro se* litigant); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that district courts are not required to "conjure up questions never squarely presented to them" in *pro se* filings).

Here, even applying the liberal standard for *pro se* litigants, the undersigned **FINDS** that subject-matter jurisdiction is lacking, and the claim must be dismissed under the *Rooker-Feldman* doctrine. *S. U. v. Wickert*, No. 2:20-CV-00450, 2021 WL 1153996, at *6 (S.D.W. Va. Mar. 26, 2021), *aff'd as modified*, No. 21-1351, 2022 WL 34139 (4th Cir. Jan. 4, 2022) (noting that the Fourth Circuit has "consistently treated the *Rooker-Feldman* doctrine as jurisdictional"). *See also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2008) ("Federal district courts are courts of limited subject-matter jurisdiction."). *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (explaining that the claim must be dismissed If subject-matter jurisdiction is lacking). Under the doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir 2011) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994)).

That is precisely what Plaintiff seeks in this action; each of the four *Rooker-Feldman* factors directly applies. First, Plaintiff lost in state court; her direct appeal of the Kanawha County Circuit Court Judgment—which she seeks to set aside in this action—was dismissed by the Supreme Court of Appeals of West Virginia as incomplete and untimely. (ECF No. 7 at 13.) Second, Plaintiff in this case "complains of injuries caused by [the] state-court judgment[]," namely, that the Judgment "terminat[ed] the . . . . parental rights" of Plaintiff and the child's father, "and their names added to the abuse and neglect registry." (ECF No. 4 at 6.) *See Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 540 U.S. 280, 284 (2005)). Third, the Judgment was "rendered before the [federal] district court proceedings commenced," as the circuit court entered a final disposition order on June 27, 2019—long before Plaintiff initiated the instant action. *See Davani*, 434 F.3d at 718. Fourth and finally, the case at hand expressly "invit[es] district court review and rejection of th[e] judgment[]" rendered by the state court. *Davani*, 434 F.3d at 718. Plaintiff calls the judgment into question, asserting that its entry by the circuit court "was based mainly on a previous case with Child Protective Services which has recently been investigated." (ECF No. 3 at 1.) Plaintiff asks this Court to grant relief from the "operation" or "prospective application" of the Judgment. (ECF No. 3 at 1.) In sum, each of the *Rooker-Feldman* factors is clearly present, and the Court lacks jurisdiction to hear Plaintiff's claim. Accordingly, it is recommended that this civil action be **DISMISSED**.

### III. Recommendation

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion (ECF No. 3) be **DENIED**, and this case be **DISMISSED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER:   August 31, 2022

Dwane L. Tinsley
United States Magistrate Judge