IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MACHELLE PARSONS,

        Plaintiff,

v.          CIVIL ACTION NO. 2:21-cv-00595

KANAWHA COUNTY DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Request for Judicial Notice and Memorandum of Law in Support of Plaintiff's Motion for Relief of Judgment. [ECF No. 3].

This matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. [ECF No. 5]. On August 31, 2022, the magistrate judge submitted his Proposed Findings and Recommendation ("PF&R") and recommended that I deny Plaintiff's motion and dismiss this case for lack of jurisdiction under the *Rooker-Feldman* doctrine. [ECF No. 10]. Plaintiff timely filed her objections on September 19, 2022. [ECF No. 11]. Because Plaintiff's objections are without merit, the court **ADOPTS** and incorporates herein the PF&R, **DENIES** Plaintiff's motion, and **DISMISSES** this case for lack of jurisdiction.

I. Background

On October 22, 2018, the West Virginia Department of Health and Human Resources removed Plaintiff's minor child from her home. [ECF No. 2, ¶ 1]. Plaintiff's parental rights over her child were eventually terminated due to abuse and neglect. [ECF No. 4, at 6]

In March of 2019, while the abuse and neglect proceedings were ongoing, Plaintiff filed a Complaint in this court demanding the "immediate return" of her child. *Parsons v. McDaniel*, No. 2:19-cv-00177 (S.D. W. Va. Mar. 13, 2019), at ECF No. 2 [hereinafter *Parsons I*]. This court abstained from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971) and dismissed the matter from the docket. *Id.* at ECF Nos. 9–10.

In this case, Plaintiff seeks the return of her child, declaratory relief, the cost of litigation, and the removal of her name from the abuse and neglect registry. [ECF No. 2, at 5]. Additionally, in her pending motion, Plaintiff requests that this court take judicial notice of case law directing federal courts to show leniency to *pro se* litigants. [ECF No. 3, at 2–4]. She also asks that the court, pursuant to Rule 60 of the Federal Rules of Civil Procedure, grant her relief from a judgment entered by the Kanawha County Circuit Court on June 27, 2019. *Id.* at 1.

II. Legal Standard

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report *de novo*, this court will consider the fact that the plaintiff is acting *pro se*, and her pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. Analysis

In her Opposition to Proposed Findings and Recommendations, Plaintiff makes six objections, four of which do not specifically respond to the magistrate judge's proposed findings or his reasons for recommending dismissal of this case. For example, Plaintiff's first objection is merely a recitation about how her current claim is different from her claim in *Parsons I* and how the Fourth Amendment applies to social workers conducting abuse and neglect investigations. [ECF No. 11, at 11–13]. Plaintiff's second objection points to alleged errors committed by the Kanawha County Circuit Court. *Id.* at 13–15. Her third objection describes the procedural history of *Parsons I*, and Plaintiff's fourth objection notes that a social worker

involved in her case was the subject of an investigation in an unrelated case. *Id.* at 16–18. None of these "objections" point the court to any specific error made by the magistrate judge. As such, I **FIND** that these objections are without merit.

Plaintiff's fifth objection alleges that the magistrate judge did not consider any of her exhibits. *Id.* at 18–19. This objection is conclusory. Plaintiff does not provide any reasoning to support her contention that the magistrate judge erred in considering the evidence and arriving at his conclusion. Thus, I **FIND** that the objection is without merit.

Finally, Plaintiff appears to object to Magistrate Judge Tinsley's recommendation that this case be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine. *Id.* at 1 ("The Honorable Magistrate Judge Dwane [Tinsley] erred in recommending that the plaintiff's motion be denied, and this case be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine."). The United States Supreme Court has clarified that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine rests on the principle that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In this case, the magistrate judge concluded that the four factors of the *Rooker-Feldman*

4

test were met and thus, he recommended that this civil action be dismissed for lack of subject matter jurisdiction. [ECF No. 10, at 4].

The court agrees with the analysis of the magistrate judge. This court is without jurisdiction to hear Plaintiff's claims. Accordingly, the court **FINDS** that Plaintiff's objection is without merit.

### IV. Conclusion

For the reasons stated, the court **ADOPTS** the magistrate judge's PF&R [ECF No. 10], **DENIES** Plaintiff's motion [ECF No. 3], and **ORDERS** that the case is **DISMISSED** for lack of jurisdiction and **STRICKEN** from the docket of this court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 23, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE